**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: Application Pursuant to 28 U.S.C. 1782 of Japan Display Inc. | Case No. 2:21-mc-00374-CAS-MAAx |
| JAPAN DISPLAY, Inc., <br><br>　　　　　Petitioner, <br><br>　v. <br><br>Tianma America, Inc., <br><br>　　　　　Respondent. | **ORDER GRANTING PETITIONER'S *EX PARTE* APPLICATION FOR AN ORDER AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS UNDER 28 U.S.C. § 1782 (ECF No. 1)** |

On March 18, 2021, Petitioner Japan Display, Inc. filed an *ex parte* application to take discovery pursuant to 28 U.S.C. § 1782 ("Section 1782") for use in patent litigation proceedings in China ("Application"). (App., ECF No. 1-1.) Petitioner also has filed a Memorandum of Points and Authorities ("MP&A") and several Exhibits in support of the Application. (MP&A, ECF No. 1-2; Exs., ECF Nos. 1-3–1-19.) For the reasons discussed below, the Court **GRANTS** the Application.

///

## I. BACKGROUND

Petitioner is a Japanese corporation that produces thin film transistor ("TFT") liquid crystal display ("LCD") panels that are incorporated into consumer and industrial electronic devices, "including smartphones, tablets, cameras, game consoles, automotive electronics, and medical equipment." (MP&A 5.[1]) Petitioner states that it has "pioneered an innovative TFT LCD fabrication process utilizing low temperature polycrystalline silicon ("LTPS"), which allows TFT LCD panels to achieve a higher resolution while minimizing power consumption." (*Id.*) Petitioner's "significant investment in research and development in LTPS technology and other display technologies is protected by its broad and extensive patent portfolio." (*Id.*)

Petitioner has filed four patent infringement lawsuits against Tianma Microelectronics Co. Ltd. ("Tianma") in Beijing Intellectual Property Court, each of which identifies Tianma LCD products that allegedly infringe upon one of Petitioner's Chinese patents. (*Id.*; *see also* Declaration of Hiufang Dong ("Dong Declaration"), ECF No. 1-3, ¶ 3; Ex. E, Sept. 30, 2020 Compl., ECF No. 1-8 (asserting Chinese Patent No. ZL200710301194.9); Ex. F, Sept. 30, 2020 Compl., ECF No. 1-9 (asserting Chinese Patent No. ZL200610095788.4); Ex. G, Dec. 2, 2020 Compl., ECF No. 1-10 (asserting Chinese Patent No. ZL200810082224.6); Ex. H, Dec. 2, 2020 Compl., ECF No. 1-11 (asserting Chinese Patent No. ZL200710146566.5).)[2] Petitioner states that although it has "expended substantial resources to expose the extent of Tianma's infringement," its investigation "is limited by the fact that most displays are ultimately integrated into end-user devices for which the display manufacturer is not publicly known." (MP&A 6.)

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the cited documents.

[2] Petitioner has provided certified English translations for each of the attached complaints. (Ex. E at 7–11; Ex. F at 8–14; Ex. G at 7–12; Ex. H at 11–16.)

Petitioner seeks Section 1782 discovery from Respondent Tianma America, Inc. ("Respondent") for use in the Chinese patent infringement proceedings. (MP&A 6.)  Respondent describes itself as "a leading provider of small to medium sized display solutions to the Americas, utilizing cutting-edge technologies from Tianma Microelectronics."  (Ex. C, "About Us" Webpage, ECF No. 1-6, at 2.) Respondent "offers a comprehensive range" of LCD products, including LTPS-TFT LCD products.  (*Id.*)  Respondent "has responsibility for all sales, marketing and engineering support of the Tianma Group display solutions in the Americas."  (*Id.*) Petitioner states that Respondent's website "includes high-level technical details for 173 display products."  (MP&A 6.)  Petitioner asserts that Respondent "is likely to have relevant and necessary sales, technical, and marketing information regarding the Accused Products."  (*Id.*)

## II. LEGAL STANDARD

Section 1782(a) provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

An *ex parte* application is an acceptable method for seeking Section 1782 discovery.  *See In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may raise objections and exercise their due process rights by bringing motions to quash the subpoenas).

The Supreme Court, in *Intel Corp. v. AMD*, 542 U.S. 241 (2004), summarized the statutory requirements for Section 1782 discovery: (1) the person or entity from whom discovery is sought must reside or be found in the district in which the district court is located; (2) the applicant must be an "interested party" in the foreign proceeding; and (3) the discovery must be for use in the foreign tribunal. *Id.* at 246.

A district court has wide discretion to grant discovery under Section 1782 and can reject or "trim" as necessary. *Intel*, 542 U.S. at 260–61, 265. In exercising its discretion, a district court should consider the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264–65. "A district court's discretion is to be exercised in view of the twin aims of § 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts." *In re Roebers*, No. C12-80145 MISC RS (LB), 2012 LEXIS 97008, at *5–6 (N.D. Cal. July 11, 2012). The party seeking Section 1782 discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261–63.

### III. DISCUSSION

#### A. Petitioner Meets the Statutory Requirements for Discovery.

All three statutory requirements for Section 1782 discovery are met in this case. First, Respondent is found within this District because its corporate

headquarters are in Chino, California. (*See* Ex. K, Apr. 17, 2020 Corp. Statement of Info., ECF No. 1-14, at 2.) *See* 28 U.S.C. § 84(c) (San Bernardino County is located within the Central District of California); *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, Case No. 19-mc-80215-WHO (TSH), 2020 U.S. Dist. LEXIS 29201, at *8 (N.D. Cal. Feb. 19, 2020) ("A business entity is 'found' in the judicial district where it is incorporated or headquartered.").

Second, Petitioner qualifies as an "interested party" in the foreign proceedings because it is a plaintiff in those proceedings. *See Intel*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782" (brackets in original)).

Third, Petitioner seeks discovery for use in patent infringement proceedings that are pending in the Beijing Intellectual Property Court, which satisfies the statutory requirement that the discovery be "for use" in a proceeding before a foreign tribunal. (*See* Dong. Decl. ¶ 4 (describing the Beijing Intellectual Property Court as a "court of special jurisdiction relating to patent litigation in Beijing").) *See Illumina Cambridge Ltd.*, 2020 U.S. Dist. LEXIS 29201, at *8–9 ("[T]he patent infringement proceedings in the foreign jurisdictions, which are already pending, clearly meet the statutory requirement of a proceeding in a foreign tribunal."); *In re TPK Touch Sols. (Xiamen), Inc.*, Case No.16-mc-80193-DMR, 2016 U.S. Dist. LEXIS 159681, at *6 (N.D. Cal. Nov. 17, 2016) ("[A]ctions before the People's Courts in China constitute foreign tribunals for purposes of Section 1782.").

### B. The Discretionary Factors Weigh in Favor of Discovery.

Next, the Court turns to the discretionary factors and finds that Section 1782 discovery is warranted as a matter of discretion in this case.

As to the first discretionary factor, Petitioner argues that Respondent is not a party to the patent infringement proceedings in the Beijing Intellectual Property Court. (MP&A 10; *see also* Dong Decl. ¶ 11.) *See Intel*, 542 U.S. at 264 ("nonparticipants in the foreign proceeding may be outside the foreign tribunal's

jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid"). Petitioner notes that although Respondent purports to be a subsidiary of Tianma—the defendant in the patent infringement proceedings—Tianma has asserted in other litigation that these corporations are separate legal entities and that it does not exert control over Respondent. (MP&A 10–11; *see* Ex. L, *Japan Display Inc. v. Tianma Microelectronics Co., Ltd.*, E.D. Tex. No. 2:20-cv-00283-JRG, Mot. to Dismiss, ECF No. 21, at 9, 30 (filed Dec. 21, 2020).)

Petitioner further argues that even if Respondent is found to be a party in the patent infringement proceedings because it is a subsidiary of Tianma, Petitioner would not be able to obtain the discovery it seeks in those proceedings because discovery procedures in Chinese intellectual property court are very limited. (MP&A 11 (citing Jason Ma, *Patent Litigation in China from a Comparative Perspective*, 10 U. PA. E. ASIA L. REV. 66, 70 (2014) ("Patent right holders [in China] have tremendous difficulties in collecting necessary evidence to prove infringement, actual losses suffered by the patentee, or profits earned by the infringer.")); *see also* Dong Decl. ¶ 10 ("[D]iscovery in China is more limited than the discovery procedure utilized in the U.S. It would be impossible for [Petitioner] to acquire the type of relevant and material information sought from [Respondent] through Chinese discovery procedure.").) *See In re Borrelli*, Case No. 20-mc-80154-JSC, 2020 U.S. Dist. LEXIS 174003, at *5 (N.D. Cal. Sept. 22, 2020) ("[T]he key issue under this factor . . . is whether the material is obtainable through the foreign proceeding." (internal quotation marks and citation omitted)); *In re Macquarie Bank Ltd.*, 2014 U.S. Dist. LEXIS 18126, at *6–7 (D. Nev. June 4, 2014) ("Where the foreign tribunal's procedural rules may not allow for the discovery sought, this factor militates in favor of granting § 1782 relief."); *In re Technik*, CASE NO. C11-1386-JCC, 2011 U.S. Dist. 162826, at *7 (W.D. Wash. Oct. 6, 2011) (finding that this factor weighed in petitioner's favor because

although respondent was a party to the foreign proceedings, respondent did not dispute that the foreign court "could not order [respondent] to produce the subject materials even if it wanted to"). Absent contrary evidence regarding Respondent's legal relationship with Tianma and the discovery procedures available in the Beijing Intellectual Property Court, the Court finds that this factor weighs in favor of granting Section 1782 discovery.[3]

      Next, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or the agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. Petitioner argues that the Beijing Intellectual Property Court, like other Chinese courts, is receptive to assistance from United States federal courts because China is a signatory to the Hague Evidence Convention, a treaty designed to facilitate international judicial assistance in obtaining discovery. (MP&A 12.) *See In re Servicio Pan Americano de Proteccion, C.A.*, 354 F.Supp.2d 269, 274 (S.D.N.Y. 2004) ("Venezuela has indicated its receptivity to federal judicial assistance by its signature of treaties facilitating such cooperation."). Petitioner's attorney in the Chinese proceedings also avers that the evidence Petitioner seeks to obtain by Section 1782 discovery "is consistent with the type of documents and information used in Chinese patent litigation proceedings" and likely will be admissible in those proceedings. (Dong Decl. ¶ 13). In any event, there is no indication that the Beijing Intellectual Property Court would not be receptive to such evidence. (*See id.* ¶ 12 ("I am not aware of any reason the Beijing Intellectual Property Court would be unreceptive to the requested discovery.") *See In re TPK Touch Sols. (Xiamen), Inc.*, 2016 U.S. Dist. LEXIS 159681, at *8 ("At the very least, there is also no evidence suggesting that either the People's Court or the Chinese Patent Office would be unreceptive to the discovery TPK seeks." (internal

---

[3] If Respondent challenges the Subpoena, it is free to present any such contrary evidence.

quotation marks and citation omitted)); *see also In re Varian Med. Sys. Int'l AG*, No. 16-MC-80048, 2016 U.S. Dist. LEXIS 38911, at *12 (N.D. Cal. Mar. 24, 2016) ("In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery." (internal citation omitted)). Thus, the Court finds the second discretionary factor also weighs in favor of granting discovery.

Third, there is no indication at this stage that Petitioner is attempting to circumvent foreign restrictions on proof-gathering through the use of Section 1782. *See Intel*, 542 U.S. at 265. "The fact that more evidence may be obtained via a § 1782 application than via the foreign discovery procedures does not amount to circumvention and does not militate against approval of the application." *Illumina Cambridge Ltd.*, 2020 U.S. Dist. LEXIS 29201, at *14–15. Instead, "[a] petitioner seeks to circumvent foreign discovery restrictions when it seeks discovery that cannot be obtained because the foreign jurisdiction prohibits the discovery of those documents." *Id.* at 14 (internal quotation marks and citation omitted). Here, Petitioner asserts that it is not aware of any Chinese policies that would prohibit discovery of the evidence it seeks in its subpoena. (MP&A 13; *see also* Dong Decl. ¶ 12 ("Nor am I aware of any Chinese restrictions or policies that would prohibit seeking discovery of documents requested by the subpoena.")). Thus, this factor also supports granting Section 1782 discovery.

Finally, the discovery Petitioner requests in the subpoena does not appear to be unduly intrusive or burdensome. *See Intel*, 542 U.S. at 265. The Proposed Subpoena seeks evidence that is relevant to Petitioner's patent infringement claims and damages, and Petitioner has limited its evidentiary requests to information regarding Tianma TFT LCD panels manufactured and sold from April 2012 until the date of the subpoena. (Proposed Subpoena, ECF No. 1-5.) *See* Fed. R. Civ. P. (26)(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case");

*In re Varian Med. Sys. Int'l AG*, 2016 U.S. Dist. LEXIS 38911, at *13–14 ("The proper scope of discovery arising out of a § 1782 application is generally determined by the Federal Rules of Civil Procedure.").

Nevertheless, Petitioner and its counsel are expressly admonished of their responsibility under the federal rules to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d). Petitioner and its counsel shall in good faith accommodate any reasonable requests by Respondent to limit the scope of the Subpoena.

## IV. CONCLUSION

**IT THEREFORE IS ORDERED** that the Application is **GRANTED**, Petitioner is **AUTHORIZED** to issue and serve upon Respondent the subpoena attached to the Application (ECF No. 1-5), and Respondent is **DIRECTED** to comply with the subpoena in accordance with the Federal Rules of Civil Procedure and the Rules of this Court. The parties are further **ORDERED** to submit a stipulated proposed protective order within fourteen days of the date of this Order.

DATED: April 5, 2021

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

9