Eric J. Klein (*pro hac vice*)
   eklein@velaw.com
Jeffrey R. Swigart (*pro hac vice*)
   jswigart@velaw.com
**VINSON & ELKINS L.L.P.**
2001 Ross Avenue, Suite 3900
Dallas, TX  75201-2975
Telephone: 214.220.7700 / Fax: 214.220.7716

Abigail Lubow (CA SBN: 314396)
   alubow@velaw.com
**VINSON & ELKINS L.L.P.**
555 Mission Street, Suite 2000
San Francisco, CA  94105
Telephone: 415.979.6900 / Fax: 415.651.8786

Bruce L. Ishimatsu (CA SBN 86145)
   bruce@ishimatsulaw.com
**ISHIMATSU LAW GROUP, P.C.**
4712 Admiralty Way, No. 1012
Marina del Rey, CA 90292
Telephone: 310.200.4060 / Fax: 310.496.1540

*Attorneys for Petitioner Japan Display Inc.*

Aidan C. Skoyles (pro hac vice application to be filed)
aidan.skoyles@finnegan.com
**FINNEGAN LLP**
901 New York Avenue N.W.
Washington, DC 20001
Telephone: 202-408-4000
Facsimile: 202-408-4400

*Attorney for Respondent Tianma America, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: Application Pursuant to 28 U.S.C. § 1782 of Japan Display Inc., <br><br> Petitioner, <br><br> v. | Case No. 2:21-mc-00374-CAS-MAAx <br><br> **STIPULATED PROTECTIVE ORDER** |

Tianma America, Inc.

               Respondent.

## 1.    **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than in the Foreign Proceedings may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2.    **GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or

commercial information (including information implicating privacy rights of third parties), technical information (including documents sufficient to show the structure, manufacture, and operation of certain products (e.g., operation manuals, product literature, schematics, specifications, GDS (Graphic Design/Data/Database System), GDSII stream format, DEF (Design Exchange Format), and LEF (Library Exchange Format) files, process recipes, process design kit deliverable and standard operating procedure deliverables), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of the Foreign Proceedings, to address their handling at the end of the Foreign Proceedings, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 3. **DEFINITIONS**

3.1. <u>Action</u>:  *In re:  Application Pursuant to 28 U.S.C. § 1782 of Japan Display Inc.*, Case No. 2:21-mc-00374-CAS-MAA.

3.2 <u>Foreign Proceedings</u>:  The four patent infringement actions filed by JDI against Tianma Microelectronics Co., Ltd. in the Beijing Intellectual Property Court in China asserting  ZL200610095788.4, ZL200710146566.5, ZL200710301194.9 and ZL200810082224.6.

3.3.   <u>Challenging Party</u>:  A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

3.4.   <u>"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.5.   <u>Counsel</u>:  Foreign Counsel, Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.6.   <u>Designating Party</u>:  A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

3.7.   <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

3.8.   <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action or in the Foreign Proceedings.

3.9.   <u>In-House Counsel</u>:  Attorneys who are employees of a party to this Action.  In-House Counsel does not include Foreign Counsel, Outside Counsel of Record, or any other outside counsel.

3.10.  <u>Nonparty</u>:  Any natural person, partnership, corporation, association,

4

1    or other legal entity not named as a Party to this action.

2    3.11.  <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a

3    party to this Action but are retained to represent or advise a party to

4    this Action and have appeared in this Action on behalf of that party or

5    are affiliated with a law firm which has appeared on behalf of that

6    party, and includes support staff.

7    3.12   Foreign Counsel:  Attorneys who are not employees of a party to this

8    Action but are retained to represent or advise a party to the Foreign

9    Proceedings.

10   3.13.  <u>Party</u>:  Any party to this Action or the Foreign Proceedings, including

11   all of its officers, directors, employees, consultants, retained experts,

12   In-House Counsel, Foreign Counsel, and Outside Counsel of Record

13   (and their support staffs).

14   3.14.  <u>Producing Party</u>:  A Party or Nonparty that produces Disclosure or

15   Discovery Material in this Action.

16   3.15.  <u>Professional Vendors</u>:  Persons or entities that provide litigation

17   support services (e.g., photocopying, videotaping, translating,

18   preparing exhibits or demonstrations, and organizing, storing, or

19   retrieving data in any form or medium) and their employees and

20   subcontractors.

21   3.16.  <u>Protected Material</u>:  Any Disclosure or Discovery Material that is

22   designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL –

23   ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –

24   SOURCE CODE."

25   3.17.  <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery

26   Material from a Producing Party.

27   3.18.  <u>Source Code Material</u>:  Protected Material designated as "HIGHLY

28   CONFIDENTIAL – SOURCE CODE," including computer source

code or files that define or otherwise describe in detail the algorithms or structure of software or hardware designs or live data (e.g., database files or data as it exists residing in a database or databases).

## 4.    **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  The protections conferred by this Stipulated Protective Order, however, do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

## 5.    **DURATION**

Even after final disposition of the Foreign Proceedings, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition ("Final Disposition") shall be deemed to be the later of (1) dismissal of all claims and defenses in the Foreign Proceedings, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Foreign Proceedings, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  The parties and any other person subject to the terms of

this Stipulated Protective Order agree that this Court has and retains jurisdiction during and after this Action and the Foreign Proceedings are terminated for the purpose of enforcing this Stipulated Protective Order.

**6.      DESIGNATING PROTECTED MATERIAL**

6.1.    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

6.2.    Manner and Timing of Designations.

Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, Section 6.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires the following:

(a)     For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order.  Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the

Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)　For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, all protected testimony.

(c)　For information produced in nondocumentary form, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3.　<u>Inadvertent Failure to Designate</u>.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

**7.** **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    7.1.   <u>Timing of Challenges</u>.

           Any Party or Nonparty may challenge a designation of confidentiality at any time prior to the Final Disposition of the Foreign Proceedings. *See supra* Section 5. Duration.

    7.2.   <u>Meet and Confer</u>.

           The Challenging Party shall initiate the dispute resolution process, which shall comply with Local Rule 37.1 et seq., and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").[1]

    7.3.   <u>Burden of Persuasion</u>.

           The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8.** **ACCESS TO AND USE OF PROTECTED MATERIALS**

    8.1.   <u>Basic Principles</u>.

           A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this

---

[1] Judge Audero's Procedures are available at https://www.cacd.uscourts.gov/honorable-maria-audero.

Action only for prosecuting, defending, or attempting to settle this Action or the Foreign Proceedings. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Foreign Proceedings reach a Final Disposition, a Receiving Party must comply with the provisions of Section 14 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action or the Foreign Proceedings;

(b) The Receiving Party's Foreign Counsel, as well as employees of said Foreign Counsel to whom it is reasonably necessary to disclose the information for this Action or the Foreign Proceedings;

(c) The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action or the Foreign Proceedings;

(d) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action or the Foreign Proceedings and who have signed the "Acknowledgment and Agreement to Be

11

Bound" (Exhibit A);

(e)   The courts and their personnel in any proceedings in this Action or the Foreign Proceedings, as well as any court to which an appeal from this Court or the Foreign Proceedings may be taken;

(f)   Court reporters and their staff;

(g)   Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action or the Foreign Proceedings and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(h)   The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)   During their depositions, witnesses, and attorneys for witnesses, in the Action or Foreign Proceedings to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) the witness will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(j)   Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.3.   <u>Disclosure of</u> "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" <u>Information or Items</u>.

To the extent a Producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the Producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to individual listed in paragraphs 8.2(a), (b), and (d)-(j).

8.4.   <u>Disclosure of</u> "HIGHLY CONFIDENTIAL – SOURCE CODE" <u>Information or Items</u>.

To the extent a Producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the Producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL – SOURCE CODE."  For Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE," the following additional restrictions apply:

(a)   Access to a Party's Source Code Material shall be provided in a secure remote viewing environment that is (1) hosted in the United States, (2) navigable in the English language, and (3) simultaneously accessible from an Internet connected device by at least six (6) users of the Receiving Party;

(b)   The Parties agree to cooperate in good faith to identify an

appropriate secure remote viewing vendor and to implement remote viewing protocols to maintain the security and integrity of the Producing Party's Source Code Material and not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action or the Foreign Proceedings;

(c)    The Producing Party shall provide the Receiving Party with information explaining how to access and operate the remote viewing environment in order to access the produced Source Code Material;

(d)    The Producing Party will produce Source Code Material in native format in the remote viewing environment as described above.  The Producing Party shall install tools that are sufficient for viewing the Source Code Material (including at least KLayout, available at https://www.klayout.de/build.html), printing the Source Code Material to PDF, and taking screenshots of the Source Code Material.  The Receiving Party's Foreign Counsel, Outside Counsel or Experts may request that additional commercially available software tools be installed in the remote viewing environment, provided, however, that (1) the Receiving Party provides an appropriate license to such software tools; (2) the Producing Party approves such software tools; and (3) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code Material consistent with all of the protections herein.  The Producing Party shall approve reasonable requests for additional

14

software tools.  The Receiving Party must provide the producing Party with the CD, DVD, file path, or Advanced Package Tool package containing such licensed software tool(s) at least four (4) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use in the remote viewing environment.  The Producing Party shall make reasonable attempts to install the requested software but will not be held responsible for the proper setup, functioning, or support of any software requested by the Receiving Party;

(e)  Access to Protected Material designated HIGHLY CONFIDENTIAL – SOURCE CODE shall be limited to Foreign Counsel, Outside Counsel, and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 8.2(d) above, as well as those individuals in paragraphs 8.2(e), (f), (g), and 5(j) above, except that mock jurors shall not have access to Protected Material designated HIGHLY CONFIDENTIAL – SOURCE CODE;

(f)  A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other court documents,

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

provided that the Source Code Material is appropriately designated under this Stipulated Protective Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with this Court, filed under seal in accordance with the Court's rules, procedures, and orders or, if filed in the Foreign Proceedings, filed consistent with Section 13.3.  To the extent portions of Source Code Material are included or cited in any document, information, or material ("Source Code Document") (such as a deposition transcript), either (1) the entire Source Code Document will be stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE or (2) those pages containing the cited Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE;

(g)    Except as set forth in paragraphs 8.4(h) and 8.4(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents consistent with paragraph 8.4(f);

(h)    The Receiving Party shall be permitted to request production of a reasonable number of electronic copies of portions of Source Code Material, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE." Using the software available in the remote viewing environment, the Receiving Party shall either create PDFs or take electronic screenshots of the portions of Source Code Material the Receiving Party is requesting and save them in a folder named

"Print Requests" with a subfolder identifying the date of the request.  The filename of the requests must include identifying information, such as the GDS filename followed by a unique number.  The production request shall be served via email identifying the subfolders of the "Print Requests" folder that the receiving Party is requesting to be produced.  Within three (3) business days of such request, the Producing Party shall electronically produce all such requested Source Code Material endorsed with unique Bates numbers, the filename, and the "HIGHLY CONFIDENTIAL – SOURCE CODE" designation (the "Produced Source Code Materials");

(i)     The Receiving Party shall store the electronic Produced Source Code Materials in a secure electronic storage location that is accessible only by Foreign Counsel and Outside Counsel.  Except as permitted by paragraphs 8.4(f) and 8.4(k), the electronic Produced Source Code Materials shall not be copied to any other electronic storage location, except temporarily as technically necessary to electronically view the materials (*i.e.*, a temporary copy stored in a viewing computer's memory).  The electronic Produced Source Code Materials shall not transmitted by email or transmitted externally;

(j)     The Receiving Party shall be allowed to make printouts of the Produced Source Code Materials as reasonably necessary to collaborate between the Receiving Party's Foreign Counsel, Outside Counsel, consultants, or experts, provided that any such printouts shall be labeled "HIGHLY CONFIDENTIAL –

17

SOURCE CODE" and treated as such, and the Receiving Party maintains a log of all such materials that are printed.  Such printouts may only be transported via hand carry, Federal Express or other similarly reliable courier.  If the receiving Party's Foreign Counsel, Outside Counsel, consultants, or experts obtain printouts of the Produced Source Code Materials, the Receiving Party shall ensure that such Foreign Counsel, Outside Counsel, consultants, or experts keep the printouts in a secured locked area in the offices of such Foreign Counsel, Outside Counsel, consultants, or expert.  The Receiving Party may also temporarily keep the printouts at:  (i) the site for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(k)   For the purpose of proceeding(s) or deposition(s) as set forth in paragraph 8.4(j) above, Produced Source Code Material may be loaded onto a stand-alone computer or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") and is at all times subject to the transport restrictions set forth therein.

8.5.   Prosecution Bar.

Any attorney representing a Party and any person associated with a Party and permitted to receive the other Party's Protected

Material that is designated HIGHLY CONFIDENTIAL – SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Stipulated Protective Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the Receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals.  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party in a proceeding that challenges a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, post grant review, covered business method patent review, or *inter partes* review) (collectively, "Validity Challenge Proceedings").  For the further avoidance of doubt, this prosecution bar applies to preparing and/or providing advice, counsel, or suggestions regarding, or in any other way influencing, new or amended claims in connection with proceedings before the Patent and Trademark Appeal Board (PTAB) or United States Patent and Trademark Office, but does not apply to other participation in Validity Challenge Proceedings.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor,

predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application as described above.

**9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

(a)    Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or

1   encouraging a Receiving Party in this Action to disobey a lawful directive from

2   another court.

3

4   **10.    A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE**

5         **PRODUCED IN THIS LITIGATION**

6         10.1.  Application.

7               The terms of this Stipulated Protective Order are applicable to

8         information produced by a Nonparty in this Action and designated as

9         "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

10        EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

11        Such information produced by Nonparties in connection with this

12        litigation is protected by the remedies and relief provided by this

13        Stipulated Protective Order.  Nothing in these provisions should be

14        construed as prohibiting a Nonparty from seeking additional

15        protections.

16        10.2.  Notification.

17              In the event that a Party is required, by a valid discovery

18        request, to produce a Nonparty's confidential information in its

19        possession, and the Party is subject to an agreement with the Nonparty

20        not to produce the Nonparty's confidential information, then the Party

21        shall:

22        (a)  Promptly notify in writing the Requesting Party and the

23              Nonparty that some or all of the information requested is subject

24              to a confidentiality agreement with a Nonparty;

25        (b)  Promptly provide the Nonparty with a copy of the Stipulated

26              Protective Order in this Action, the relevant discovery

27              request(s), and a reasonably specific description of the

28              information requested; and

        (c)     Make the information requested available for inspection by the Nonparty, if requested.

    10.3.  <u>Conditions of Production</u>.

        If the Nonparty fails to seek a protective order from this Court within fourteen (14) days after receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's confidential information responsive to the discovery request.  If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court.  Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**11.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party immediately must (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

///

**12.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

    When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other

protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

## 13.   **MISCELLANEOUS**

13.1.  Right to Further Relief.

Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2.  Right to Assert Other Objections.

By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

13.3.  Filing Protected Material.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material.  A Receiving Party may not disclose to a foreign court or file in the Foreign Proceedings any Protected Material obtained in this Action under 28 U.S.C. § 1782 unless the confidentiality of the Protected Material will be maintained such that disclosure of and

access to the Protected Material is limited solely to the persons or entities authorized under this Stipulated Protective Order.  Further, even if a foreign court's procedure would permit them to do so, the Parties and their employees are prohibited (except if otherwise permitted under Section 8 of this Stipulated Protective Order) from accessing Protected Material filed in the Foreign Proceedings.

A Party that seeks to file under seal any Protected Material in this Action must comply with Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.4.  Export Control.

Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

## 14.  **FINAL DISPOSITION**

After the Final Disposition, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the

Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 5.

## 15.   <u>VIOLATION</u>

Any violation of this Stipulated Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  <u>April 19, 2021</u>          /s/ Eric J. Klein
By:  Eric J. Klein (*pro hac vice*)
  eklein@velaw.com
Jeffrey R. Swigart (*pro hac vice*)
  jswigart@velaw.com
**VINSON & ELKINS L.L.P.**
2001 Ross Avenue, Suite 3900
Dallas, TX  75201-2975
Telephone: 214.220.7700 / Fax: 214.220.7716

Abigail Lubow (CA SBN: 314396)
  alubow@velaw.com
**VINSON & ELKINS L.L.P.**

555 Mission Street, Suite 2000
San Francisco, CA  94105
Telephone: 415.979.6900 / Fax: 415.651.8786

Bruce L. Ishimatsu (CA SBN 86145)
  bruce@ishimatsulaw.com
**ISHIMATSU LAW GROUP, P.C.**
4712 Admiralty Way, No. 1012
Marina del Rey, CA 90292
Telephone: 310.200.4060 / Fax: 310.496.1540

**_Attorneys for Petitioner Japan Display Inc._**

Dated: April 19, 2021        /s/ Aidan Skoyles
                             By:  Aidan C. Skoyles (pro hac vice application to
                             be filed)
                             aidan.skoyles@finnegan.com
                             FINNEGAN LLP
                             901 New York Avenue N.W.
                             Washington, DC 20001
                             Telephone: 202-408-4000
                             Facsimile: 202-408-4400

                             _Attorney for Respondent Tianma America, Inc._

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:    04/20/2021            _____
                               Maria A. Audero
                               United States Magistrate Judge

26

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [full name], of _____

_____ [address], declare under penalty of perjury that I have read in its

entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Central District of California on _____

[date] in the case of _____

[case name and number].  I agree to comply with and to be bound by all the terms

of this Stipulated Protective Order, and I understand and acknowledge that failure

to so comply could expose me to sanctions and punishment in the nature of

contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Stipulated Protective

Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [full name]

of _____ [address and telephone number]

as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Signature: _____

Printed Name: _____

Date: _____

City and State Where Sworn and Signed: _____