Eric J. Klein (*pro hac vice*)
   eklein@velaw.com
Jeffrey R. Swigart (*pro hac vice*)
   jswigart@velaw.com
**VINSON & ELKINS L.L.P.**
2001 Ross Avenue, Suite 3900
Dallas, TX  75201-2975
Telephone: 214.220.7700
Fax: 214.220.7716

Abigail Lubow (CA SBN: 314396)
   alubow@velaw.com
**VINSON & ELKINS L.L.P.**
555 Mission Street, Suite 2000
San Francisco, CA  94105
Telephone: 415.979.6900
Fax: 415.651.8786

Bruce L. Ishimatsu (CA SBN 86145)
   bruce@ishimatsulaw.com
**ISHIMATSU LAW GROUP, P.C.**
4712 Admiralty Way, No. 1012
Marina del Rey, CA 90292
Telephone: 310.200.4060
Fax: 310.496.1540

*Attorneys for Petitioner Japan Display Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: Application Pursuant to 28 U.S.C. § 1782 of Japan Display Inc., <br><br> Petitioner, <br><br> v. <br><br> Tianma America, Inc. <br><br> Respondent. | Case No. 2:21-mc-00374-CAS-MAAx <br><br> **JAPAN DISPLAY INC.'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY TIANMA AMERICA, INC. SHOULD NOT BE HELD IN CONTEMPT** <br><br> Hon. Judge Maria Audero <br> Hearing Date:  September 14, 2021 <br> Location:  Courtroom 690, 6th Floor <br> Ex Parte § 1782 Appl.:  March 18, 2021 |

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD

NOTICE IS HEREBY GIVEN THAT on September 14, 2021, or as soon thereafter as this matter may be heard in Courtroom 690, Sixth Floor of the above-entitled court, located at 255 E. Temple St., Los Angeles, CA 90012, Petitioner Japan Display Inc. ("JDI") will and hereby does move the Court to order the following:

(1) Tianma America, Inc. ("TMA") has waived all objections to JDI's subpoena;

(2) TMA must produce documents responsive to JDI's subpoena without objections within 20 days of the Court's order; and

(3) Under Rule 45(g), TMA must show cause why a contempt citation should not be issued against it.

This motion is made following the required conference of counsel, which took place on May 10, 2021, and May 20, 2021, via teleconference and thereafter via email exchanges and request for Informal Telephonic Discovery Conference, and the Informal Discovery Conference, recognized by the Court as sufficient to satisfy the parties' pre-motion meet-and-confer obligations. This motion is based upon this Notice of Motion, the following memorandum of points and authorities, the declaration of Eric Klein and accompanying exhibits, the pleadings on file herein, and any other material the Court deems appropriate for consideration.

Dated: August 9, 2021         /s/ *Bruce L. Ishimatsu*
                              By:   Bruce L. Ishimatsu
                                    Eric J. Klein (pro hac vice)
                                    Jeffrey R. Swigart (pro hac vice)
                                    Abigail Lubow (CA SBN: 314396)
                              **Attorneys for Petitioner Japan Display Inc.**

## I. INTRODUCTION

Japan Display Inc. ("JDI") hereby applies for an order to show cause why Tianma America, Inc. ("TMA") should not be held in civil contempt for failing to produce documents in accordance with the subpoena served on April 7, 2021 ("Subpoena"), ECF No. 13, which was authorized by the Court's Order granting JDI's application for discovery under 28 U.S.C. § 1782. *See* ECF No. 12.

TMA justifies its non-compliance by providing an objection, which nullifies the scope of the Subpoena, but this objection was untimely and therefore waived. JDI respectfully requests that the Court grant its (1) motion for an order to show cause why a contempt citation should not issue and (2) request for hearing date.

## II. BACKGROUND

JDI petitioned this Court under 28 U.S.C. § 1782 to take discovery of TMA for use in four patent litigation proceedings that it filed against Tianma Microelectronics Co. Ltd. ("Tianma") in the Beijing Intellectual Property Court in China ("Chinese Proceedings"). ECF No. 1 ("§ 1782 Appl."). On April 5, 2021, the Court granted JDI's § 1782 application and authorized service of the Proposed Subpoena. ECF No. 12 ("Order"). On April 7, 2021, JDI served the Subpoena on TMA. ECF No. 13.

Under Federal Rule of Civil Procedure 45(d)(2)(B), a person may serve objections to producing document "before the earlier of the time specified for compliance or 14 days after the subpoena is served." The Subpoena requested documents by April 16, 2021, which is earlier than 14 days after the Subpoena was served. On April 30—two weeks after the deadline to object—TMA served untimely objections, which TMA now relies on to avoid complying with the Subpoena.

JDI attempted to address TMA's noncompliance through the procedures outlined under L.R. 37 and the Court's rules regarding discovery disputes. But at the parties' Informal Discovery Conference held on June 3, 2021, the Court indicated that if JDI believed TMA's objections were waived, the proper mechanism to address

the issue would be a motion to for contempt rather than a motion to compel. Accordingly, this motion is being filed consistent with the Court's direction. In addition, to resolve the matter more efficiently, JDI files a motion to compel concurrently with the instant motion.[1]

## III. ARGUMENT

Federal Rule of Civil Procedure 45(g) states:

> CONTEMPT. The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

"Contempt proceedings are instituted by the issuance of an Order to Show Cause why a contempt citation should not issue and a notice of a date for the hearing." *Alcalde v. NAC Real Estate Investments & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008), citing Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial at P 11:2316. "In a civil contempt action, '[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply.'" *Alcalde*, 580 F. Supp. 2d at 971, citing *Federal Trade Comm'n v. Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004).

---

[1] In its concurrent motion to compel, JDI argues that TMA should be compelled to respond to the Subpoena without objections because these objections were waived as untimely based on case law showing "waiver" being considered on a motion to compel. *See*, *e.g.*, *Interior Elec. Inc. Nevada v. Beverly*, No. 5:20-MC-24-JGB (SPX), 2020 WL 8457486, at *2 (C.D. Cal. Dec. 7, 2020) (granting motion to compel where "respondents have waived any grounds for objections" and citing *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.")); *Poturich v. Allstate Ins. Co.*, No. 5:15-0081-GW-KKx, 2015 WL 12766048, at *2 (C.D. Cal. Aug. 11, 2015) (ordering compliance with Rule 45 and production of documents without objections after objections had been waived). In the end, JDI seeks for TMA to be compelled to comply with the Subpoena under either motion.

TMA refuses to comply the Subpoena based on an objection to the scope the requests; however, this objection was waived as untimely. TMA admits that its objection was untimely. In the parties' request for an informal discovery conference, TMA stated that "[r]egarding timeliness, on **April 19**, TMA informed JDI that it would respond by the end of the month." Decl. of Eric J. Klein in support of JDI's Motion to Compel ("Klein Decl."), Ex. A (IDC Request) (emphasis added). But TMA's April 19 email was after the deadline for compliance on April 16, 2021, and therefore any objections made thereafter were already waived. *See id.*; *see Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); *McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002) (A "nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objection, including attorney-client privilege, have been waived.").

TMA's failure to comply with the Subpoena is made even more egregious by the fact that TMA told JDI that it "**expect[ed] to produce documents** by the end of the month." Klein Decl., Ex. B (Email Thread) (emphasis added). In its statement to the Court, TMA rephrased this representation to say only that TMA "would **respond by the end of the month**," and faults JDI for not objecting sooner. *Id.*, Ex. A (IDC Request) (emphasis added). JDI was mindful of the Court's instruction that it should "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," ECF No. 12 at 9 (Order), and, therefore, JDI did not immediately demand compliance. It has become clear now that TMA used the additional time to craft a way to avoid production rather than to prepare any documents. TMA improperly twists JDI's reasonable accommodations of TMA's request (with the expectation that the accommodation would soon lead to documents being produced), into an agreement to abide by TMA's untimely objections. Such is not the case.

Finally, TMA contends that the delay in asserting its objections "was necessary for TMA to investigate JDI's allegations regarding the China cases." Klein Decl., Ex. A. To the extent any delay was necessitated, it was due to TMA's own lack of diligence. JDI asked TMA's counsel the day after the Court granted JDI's § 1782 application if it would accept service of the Subpoena. *See* Klein Decl., Ex. C (April 6 Email from Jeffrey Swigart to Aidan Skoyles). TMA's counsel did not respond. JDI proceeded to serve the Subpoena on TMA on April 7, 2021, and provided TMA's counsel proof of service on April 8, 2021. *Id.* (April 8 Email from Jeffrey Swigart to Aidan Skoyles), *see* ECF No. 13. JDI followed up again on April 9, regarding whether TMA's counsel would be providing representation. Klein Decl., Ex. C (April 9 Email from Jeffrey Swigart to Aidan Skoyles). TMA's counsel did not respond. Only after Eric Klein contacted TMA's counsel by phone did TMA finally engage with JDI regarding the Subpoena, which was one week after JDI's initial communication regarding the Subpoena. *See id.*, ¶ 8, *see also id.*, Ex. C (April 13 Email from Aidan Skoyles to Jeffrey Swigart). Accordingly, TMA's untimeliness is the result of its own actions.

## IV. CONCLUSION

For these reasons, JDI respectfully request that its motion for an order to show cause why a contempt citation should not issue and request for hearing date should be granted.

Dated: August 9, 2021

/s/ *Bruce L. Ishimatsu*
By:   Bruce L. Ishimatsu
      Eric J. Klein (pro hac vice)
      Jeffrey R. Swigart (pro hac vice)
      Abigail Lubow (CA SBN: 314396)
**Attorneys for Petitioner Japan Display Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of August, 2021, a true and correct copy of the above and foregoing document was served on all counsel of record via the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

*/s/ Bruce I. Ishimatsu*
Bruce I. Ishimatsu