Erik R. Puknys
**FINNEGAN, HENDERSON, FARABOW,**
**GARRETT AND DUNNER, LLP**
erik.puknys@finnegan.com
3300 Hillview Avenue
Palo Alto, CA 94304-1203
Telephone: (650)-849-6600
Facsimile: (650)-849-6666

*Attorney for Respondent*
*Tianma America, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* Application Pursuant to 28 U.S.C. § 1782 of Japan Display Inc., <br><br> Petitioner, <br><br> v. <br><br> Tianma America, Inc. <br><br> Respondent. | Case No. 2:21-mc-00374-CAS-MAAx <br><br> Hon. Judge Maria Audero <br><br> Hearing date:  September 29, 2021 <br> Time:  10:00 AM |

### TIANMA AMERICA, INC.'S RESPONSE TO JAPAN DISPLAY INC.'S MOTION FOR AN ORDER TO SHOW CAUSE

### I.     PRELIMINARY STATEMENT

In its motion, Japan Display Inc. ("JDI") appears to take the position that a finding of contempt is virtually automatic when a subpoena recipient does not formally object in writing by the Rule 45 deadline. But courts, including this one, do not take such a simplistic approach. Instead, courts look to the overall context in which the subpoena was served and the nature of the recipient's response. They

take into account, for example, any prior relationship or parallel litigation between the parties, the scope of the subpoena, and the recipient's engagement with opposing counsel.

There is no basis for a finding of contempt here. The parties are not strangers. They are already involved in a litigation in Texas, where third-party discovery of Tianma America is already proceeding. For some reason, though, JDI decided to open a new front here in California, even though it could have asked the Texas court to do what it asks of this Court. Moreover, Tianma America has consistently argued that the subpoena is overbroad, covering literally hundreds of products even though only three are mentioned in the Chinese complaint. And there can be no legitimate complaint that counsel for Tianma America has refused to engage counsel for JDI in good faith. Tianma America has expressed its willingness to search for and produce any documents in its possession that are reasonably relevant to the Chinese litigation.

Indeed, a simple comparison of the facts of this case to the facts of the cases cited in JDI's motion refutes JDI's demand for a contempt finding. In JDI's cited cases, the subpoena recipients either ignored repeated and direct court orders, did not respond to the subpoena at all, or waited to respond until after a motion for contempt was filed. Here, however, JDI demands a finding of contempt based only on its complaint that Tianma America's objections were two weeks late. No case cited by JDI suggests contempt findings come with such a short fuse, and none found contempt where, as here, the parties have been working for months to resolve a good faith dispute over the scope of a subpoena that remains intractable even after a court hearing on the issue.

In reality, JDI's motion for an order to show cause is just a repackaging of the arguments it makes in its concurrently filed motion to compel (ECF No. 20). Thus, the heart of the dispute remains whether JDI's demands in the subpoena are "relevant . . . and proportional to the needs of the case" in the Chinese litigation. For

1   the reasons Tianma America already presented in opposition to that motion, they

2   are not.

3        In light of the overbreadth of the subpoena and Tianma America's attempts

4   to work with JDI throughout this proceeding to reach a mutually acceptable

5   compromise, JDI's motion should be denied, particularly in view of JDI's own

6   failure to "accommodate any reasonable requests by Respondent to limit the scope

7   of the Subpoena" (ECF. No. 12, at 9).

8   **II.    BACKGROUND**

9        The parties before the Court in this action are currently involved in litigation

10  in Texas where JDI served a third-party subpoena on Tianma America for

11  essentially the same information. *See Japan Display Inc. et al. v Tianma*

12  *Microelectronics Co. Ltd.*, Case No. 2:20-cv-0283, -0284, and -0285 (E.D. Tex.).

13  JDI filed a motion to compel production of Tianma America documents in the

14  Texas cases, which was granted in part on June 21, 2021. *Id.* ECF No. 49 and 76 (-

15  0283 case). Since then Tianma America has produced significant technical and

16  sales-related discovery in the Texas cases. Thus, there is no allegation that JDI

17  needs to enforce its subpoena in this Court because it cannot get the information it

18  says it needs from Tianma America in Texas. To the contrary, JDI cites Tianma

19  America's compliance with its discovery obligations in Texas as one reason for

20  why an order from this Court requiring duplicative discovery in this proceeding

21  would not be a burden. *See* JDI's Motion to Compel (ECF No. 20-1) at 16 n.5.

22       However, there is a protective order in that case forbidding confidential

23  materials produced during discovery from being used for any other purpose. *See,*

24  *e.g.*, 2:20-cv-0283, ECF No. 36 at 6. This was not a controversial provision of the

25  order: JDI stipulated to it without reservation. *Id.* at ECF No. 35. Nevertheless, for

26  some reason, JDI now regrets it. But rather than seek reformation of the Texas

27  court's protective order and ask the Texas court—which is much more familiar with

28  the parties and the dispute between them—to decide whether it is proper to use the

TIANMA AMERICA'S RESPONSE TO JDI'S
MOTION FOR AN ORDER TO SHOW CAUSE
CASE NO. 2:21-MC-00374-CAS-MAAX

1   confidential information in a foreign proceeding, JDI asks this Court to make a

2   decision the Texas court is better suited to make.[1]

3          JDI seeks to do that through this motion and its concurrently filed motion to

4   compel. ECF No. 20-1. Tianma America does not intend to rehash the arguments it

5   made in its opposition to JDI's motion to compel. Suffice it to say that the parties

6   have been discussing the appropriate scope of the subpoena since April. They

7   jointly submitted a discovery letter summarizing their dispute in May. The Court

8   heard the parties' respective arguments in June. During that hearing, the Court

9   acknowledged the complexity of the issues and recognized that both sides raised

10  valid arguments. Accordingly, the Court urged the parties to try to reach a

11  compromise.

12         The parties thus continued their discussions. At one point, JDI proposed a

13  solution that was acceptable to Tianma America—that Tianma America would

14  search for and produce documents concerning products with the same "TL"

15  designation as the products at issue in China. ECF 20-1 at 18. After Tianma

16  America asked for clarification on the proposed compromise, however, JDI

17  withdrew it and replaced it with an unacceptable proposal. *Id.* JDI filed this motion

18  and its motion to compel two months later.

19  **III.   ARGUMENT**

20         This and other federal courts do not treat Rule 45's deadline for objecting to

21  a subpoena as inflexible. Instead, courts have repeatedly acknowledged that "in

22  unusual circumstances and for good cause, . . . the failure to act timely will not bar

23  consideration of objections [to a Rule 45 subpoena]." *See, e.g.*, *Juno Therapeutics,*

24  *Inc. v. Kite Pharma, Inc.*, No. CV 17-7639-SJO-KSx, 2019 U.S. Dist. LEXIS

25

26  [1] Even though Tianma Microelectronics would have opposed any request to modify

27  the protective order in Texas for the same reasons it opposes JDI's overbroad
    requests here, the Texas court is in a better position to address JDI's demands than

28  this Court.

TIANMA AMERICA'S RESPONSE TO JDI'S
MOTION FOR AN ORDER TO SHOW CAUSE
CASE NO. 2:21-mc-00374-CAS-MAAX

128027, at *12 (C.D. Cal. Apr. 29, 2019) (citing *McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005). And, in fact, the "unusual circumstances" that excuse technical compliance are not really all that unusual. For example, "[c]ourts have found unusual circumstances where: (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena." *American Electric Power Co. v. United States*, 191 F.R.D. 132, 136-137 (S.D. Ohio. 1999); *see also Juno*, 2019 U.S. Dist. LEXIS 128027, at *12; *Moon*, 232 F.R.D. at 636. All three circumstances are present here.

The breadth of the subpoena to Tianma America, a non-party to the Chinese litigation, is addressed by the parties in the motion to compel. ECF No. 20-1. Tianma America will not rehash those arguments here, other than to emphasize that JDI continues to demand documentation on hundreds of products it purportedly intends to use in a litigation in China where only three products are named. This Court has found the "overbroad nature of the subpoena served by plaintiffs on [a] non-party," as here, is an "unusual circumstance[]" that can excuse a short delay in filing objections. *See, e.g.*, *Moon*, 232 F.R.D. at 636. In refusing to find waiver, this Court has also considered a lack of sufficient time for compliance given in a subpoena (*see Sundaram v. Genworth Life Ins. Co.*, No. CV 16-06218 TJH (AFMx), 2017 U.S. Dist. LEXIS 230111, at *4-5 (C.D. Cal. Nov. 28, 2017)), and a respondent's good-faith effort in engaging in the process and communicating with the serving party (*see Juno*, 2019 U.S. Dist. LEXIS 128027, at *12-13).[2]

---

[2] Courts have routinely found that overbreadth in the subpoena excuses minor delays in service of objections. *See, e.g.*, *Freed v. Home Depot U.S.A., Inc.*, No.

1      Moreover, the history of this action so far, summarized in the previous

2  section, demonstrates that Tianma America has engaged with JDI in good faith, in

3  both this and the Texas case, since before Tianma America objected to the

4  subpoena. Even ignoring what was going on in Texas, Tianma America's response

5  in this action was reasonable.

6      Being a foreign entity itself, JDI and its counsel were presumably well aware

7  of the logistical hurdles due to the time difference between Asia and the United

8  States. And having its own U.S. non-party subsidiary, JDI was also presumably

9  well aware of the potential necessity for the U.S. subsidiary to communicate with

10  its Asian parent for an unfamiliar legal proceeding. Yet, in the subpoena served on

11  April 7, JDI demanded Tianma America produce documents by April 16, leaving a

12  total of seven business days to respond. JDI's unilateral deadline was also three

13  days *before* the parties were able to file a proposed Protective Order for the

14  demanded production (*see* ECF No. 14).

15      After receiving the subpoena, Tianma America communicated with its

16  Chinese parent immediately, engaged counsel on April 13, discussed with JDI for

17  filing the Protective Order due on April 19, and searched for relevant documents.

18  ECF No. 20-7 (Ex. D to Mot. to Compel, email correspondence between A. Skoyles

19  and J. Swigart). And on April 19, the same day the parties filed the Protective

20  Order, Tianma America informed JDI that it "expects to produce documents by the

21

22  18cv359-BAS (LL), 2019 U.S. Dist. LEXIS 6584, at *15-20 (S.D. Cal. Jan. 14,
2019); *On Demand Direct Response, LLC v. McCart-Pollak*, No. 2:15-cv-01576-

23  MMD-GWF, 2019 U.S. Dist. LEXIS 70642, at *4-5 (D. Nev. Apr. 25, 2019);

24  *Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc.*, No. 17CV1943 LAB (JMA),
2018 U.S. Dist. LEXIS 88523, at *13-14 (S.D. Cal. May 24, 2018); *Cheatwood v.*

25  *Christian Bros. Servs.*, No. 2:16-cv-2946-HRH, 2018 U.S. Dist. LEXIS 17205, at

26  *10-11 (D. Ariz. Feb. 1, 2018); *Warne v. City & Cty. of S.F.*, No. 16-cv-06773-JSC,
2017 U.S. Dist. LEXIS 203449, at *6-7 (N.D. Cal. Dec. 8, 2017); *Yousuf v.*

27  *Samantar*, 451 F.3d 248, 252 (D.C. Cir. 2006); *Concord Boat Corp. v. Brunswick*

28  *Corp.*, 169 F.R.D. 44, 51-52 (S.D.N.Y. 1996).

TIANMA AMERICA'S RESPONSE TO JDI'S
MOTION FOR AN ORDER TO SHOW CAUSE
CASE NO. 2:21-mc-00374-CAS-MAAX

end of the month." *Id.* at page 1 (April 19 email from A. Skoyles to J. Swigart). JDI never objected to the timeline Tianma America proposed, and Tianma America kept its word. Tianma America responded to the subpoena on April 30, 2021, indicating that (1) after investigation, the Chinese case was limited to the three products identified therein and (2) Tianma America searched for, but did not have any documents regarding those products.

Like *Sundaram*, the subpoena to Tianma America "included a very short time for compliance, only [seven business] days, which allowed little opportunity for review and formulation of written objections." *Sundaram*, 2017 U.S. Dist. LEXIS 230111, at *4-5. And like *Juno*, "[t]here were numerous communications between [Tianma America and JDI] regarding the scope of the Subpoena" and discussions about expected dates of response. *See Juno*, 2019 U.S. Dist. LEXIS 128027, at *12-13. This Court has found all these factors "sufficient … to find there are unusual circumstances and good cause to consider [respondent's] objections," and refused to find waiver. *Id.*

JDI now complains that the April 19 email from Tianma America occurred three days after the April 16 deadline that JDI chose for compliance, citing cases with circumstances bearing no resemblance to the present situation. ECF No. 19 at 4 n.1, 5. In *Alcalde*, the Court ordered judgment debtors to show cause because they willfully violated multiple Court orders requiring them to produce documents. *Alcalde v. NAC Real Estate Invs. & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008). Other cases JDI cited involved a respondent that did not make any objections to a subpoena or respond in any fashion, waited months and only responded when a motion to compel was filed, or failed to produce for months despite agreeing to do so and having been granted multiple extensions. *See*, *McCoy*, 211 F.R.D. at 383 (respondent did not object at all); *Interior Elec. Inc. Nev. v. Beverly*, No. 5:20-mc-24-JGB (SPx), 2020 U.S. Dist. LEXIS 230613, at *4-5 (C.D. Cal. Dec. 7, 2020) (respondent did not object and did not produce documents);

TIANMA AMERICA'S RESPONSE TO JDI'S MOTION FOR AN ORDER TO SHOW CAUSE CASE NO. 2:21-mc-00374-CAS-MAAX

1  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473-74 (9th Cir.

2  1992) (respondent waited for months and responded only when a motion for

3  contempt was filed); *Poturich v. Allstate Ins. Co.*, No. EDCV 15-0081-GW (KKx),

4  2015 U.S. Dist. LEXIS 187149, at *3, 5 (C.D. Cal. Aug. 11, 2015) (respondent

5  delayed for months and failed to produce despite agreeing to do so). Moreover,

6  Courts have declined to issue orders to show cause for even far more egregious

7  circumstances. *See, e.g.*, *Abante Rooter & Plumbing, Inc. v. Triumph Merch. Sols.,*

8  *LLC*, No. 20-cv-754-JAH(BLM), 2020 U.S. Dist. LEXIS 107012, at *10 (S.D. Cal.

9  June 18, 2020) (declining to issue a show cause order even where respondent

10  entirely failed to respond to subpoena).

11      None of those circumstances exist here. Tianma America has meaningfully

12  engaged with both JDI and this Court in consistently advancing the argument that

13  the subpoena should not extend far beyond the scope of the Chinese litigation.

14  Tianma America was given seven business days to respond and did respond on the

15  date that it indicated to JDI that it would respond. Moreover, in addition to having

16  to deal with the subpoena JDI issued in this action, Tianma America had to engage

17  JDI in Texas over the subpoena JDI served there. In sum, unlike the respondents in

18  the cases on which JDI relies, Tianma America never ignored JDI's subpoena or

19  showed any contempt for this Court. JDI's characterization of Tianma America's

20  engagement with JDI as "egregious" (*see* ECF No. 19 at 5) is baseless hyperbole.

21  **IV.   CONCLUSION**

22      For the forgoing reasons, Tianma America respectfully requests this Court

23  deny JDI's motion requesting an order to show cause.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated:  September 1, 2021        /s/ Erik R. Puknys
Erik R. Puknys
**FINNEGAN, HENDERSON, FARABOW,**
**GARRETT AND DUNNER, LLP**
  erik.puknys@finnegan.com
3300 Hillview Avenue
Palo Alto, CA 94304-1203
Telephone: (650)-849-6600
Facsimile: (650)-849-6666

*Attorney for Respondent Tianma America, Inc.*

Tianma America's Response to JDI's
Motion for an Order to Show Cause
Case No. 2:21-mc-00374-CAS-MAAx