Eric J. Klein (*pro hac vice*)
   eklein@velaw.com
Jeffrey R. Swigart (*pro hac vice*)
   jswigart@velaw.com
**VINSON & ELKINS L.L.P.**
2001 Ross Avenue, Suite 3900
Dallas, TX 75201-2975
Telephone: 214.220.7700
Fax: 214.220.7716

Abigail Lubow (CA SBN: 314396)
   alubow@velaw.com
**VINSON & ELKINS L.L.P.**
555 Mission Street, Suite 2000
San Francisco, CA 94105
Telephone: 415.979.6900
Fax: 415.651.8786

Bruce L. Ishimatsu (CA SBN 86145)
   bruce@ishimatsulaw.com
**ISHIMATSU LAW GROUP, P.C.**
4712 Admiralty Way, No. 1012
Marina del Rey, CA 90292
Telephone: 310.200.4060
Fax: 310.496.1540

*Attorneys for Petitioner Japan Display Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: Application Pursuant to 28 U.S.C. § 1782 of Japan Display Inc., <br><br> Petitioner, <br><br> v. <br><br> Tianma America, Inc. <br><br> Respondent. | Case No. 2:21-mc-00374-CAS-MAAx <br><br> **JAPAN DISPLAY INC.'S REPLY IN SUPPORT OF MOTION FOR AN ORDER TO SHOW CAUSE WHY TIANMA AMERICA, INC. SHOULD NOT BE HELD IN CONTEMPT** <br> Hon. Judge Maria Audero <br> Hearing Date: 10:00 am - <br>                      September 29, 2021 <br> Location: Courtroom 690, 6th Floor <br> Ex Parte § 1782 Appl.: March 18, 2021 |

1

I. **Preliminary Statement**

Despite what Respondent Tianma America, Inc. ("TMA") claims, there is nothing "unusual" about this case. TMA—a sophisticated party represented by counsel—missed the deadline to object to the subpoena authorized by this Court (the "Subpoena"). As a result, TMA waived any objection it might otherwise have had to Japan Display Inc.'s ("JDI") Subpoena. It is that simple.

Seeking to avoid this straightforward outcome, TMA argues in its response brief (Dkt. No. 24, the "Response") that this case involves "unusual circumstances" that excuse its noncompliance and seeks to divert the Court's attention from TMA's own noncompliance by suggesting what JDI *should* have done. But the Court should reject TMA's arguments. None of the "unusual circumstances" relied upon by TMA exist here. First, the Subpoena is not overbroad, as demonstrated by the U.S. District Court for the Eastern District of Texas' (the "Texas Court") recent enforcement of a nearly identical subpoena from JDI to TMA in patent litigation proceedings in Texas. Second, TMA is not acting in good faith, but instead has taken contradictory positions that show it is not interested in cooperating at all. Third, contrary to TMA's representations, TMA's counsel never contacted JDI's counsel about the scope of the Subpoena prior to serving TMA's objections. TMA glosses over this deficiency and complains about whether it was afforded enough time to comply. Given that the compliance deadline in the Subpoena was within three business days of the statutory deadline under Rule 45, this deadline is not substantially different from the deadline all litigants face and is not grounds for an "unusual circumstance." Even if the compliance deadline were too short, it would not excuse TMA from missing the deadline by *two weeks*.

"Unusual circumstances" are the exception, not the rule. Here the Court should apply the straightforward rule and hold that TMA, by missing the objection deadline, waived any objections to the Subpoena.

## II. Argument

### A. This Court, not the Texas Court, is the proper forum for this dispute.

TMA suggests that JDI should have sought relief from the Texas Court instead of filing a 28 U.S.C. § 1782 petition in this Court. *See* Resp. at 2. But TMA misunderstands both federal law and the timing of JDI's discovery requests.

The appropriate vehicle for seeking non-party discovery in the United States for use in a foreign proceeding is 28 U.S.C. § 1782, which provides: "The district court ***of the district in which a person resides or is found*** may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . ." (Emphasis added.) TMA is headquartered in this District, which makes this Court—not the Texas Court—the appropriate forum in which to seek a subpoena under § 1782.[1]

TMA asserts that "[t]he parties before the Court in this action are currently involved in litigation in Texas." Resp. at 2. Not so. JDI is engaged in litigation with ***TMA's parent company***, Tianma Microelectronics Inc. ("Tianma")—not with TMA—in the Texas Court.[2] The discovery sought by JDI via the Subpoena is for use in the Chinese litigation between JDI and Tianma, not the pending Texas Litigation. ***After*** filing this § 1782 action, JDI appropriately sought non-party discovery from TMA in the Texas Court for use in the Texas Litigation.[3] Its decision to do so does not render its § 1782 petition retroactively improper.

Moreover, TMA admits that a protective order in the Texas Litigation bars JDI from using any discovery obtained there for any other purpose. Resp. at 3-4. To reform that protective order so that JDI could use documents produced by TMA in

---

[1] *See* Ex Parte App. Supporting Mem., Dkt. No. 1-2, at 5.
[2] *See Japan Display Inc. v. Tianma Microelectronics Co., Ltd.*, No. 2:20-cv-00283 (Lead case), -284, -285 (E.D. Tex. Aug. 31, 2020) (the "Texas Litigation").
[3] Ex. A, Texas Subpoena (April 21, 2021).

the Chinese litigation would require the Texas Court to re-do the § 1782 analysis that this Court has already done. *See Maxell, Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2021 WL 3012355, at *3 (E.D. Tex. Jan. 27, 2021). At this juncture, that exercise would be duplicative and wasteful.

### B. TMA waived any objections by failing to timely object.

Rule 45(d)(2)(B) governs the deadline for objections to a subpoena. The Rule provides: "The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." *Id.* Here, the applicable deadline was the Subpoena's compliance date of April 16, 2021. *See* Mot. for Order to Show Cause, Dkt. No. 19 ("Motion"), at 3. TMA served its objections on April 30, 2021— ***two weeks*** after the applicable deadline, and more than a week after Rule 45's alternative deadline of 14 days after service of the Subpoena. *Id.*

"That missed deadline must have consequences or the Rule becomes meaningless." *HMV Indy, LLC v. Inovateus Solar, LLC*, 2020 WL 3498259, at *2 (E.D. Pa. Jun. 29, 2020). And the consequences of that missed deadline are clear. "Failure to serve written objections to the subpoena within the time specified constitutes a waiver of the objections." *Deckers Outdoor Corp. v. Romeo*, 2012 WL 13006018, at *2 (C.D. Cal. Feb. 13, 2012) (citing *McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002)). Thus, TMA's failure to timely object to the Subpoena waived any possible objections to it, and TMA must comply.

### C. Unusual circumstances do not excuse TMA's noncompliance.

TMA insists that even though it missed the deadline to object to the Subpoena by ***two weeks***, "unusual circumstances" excuse its noncompliance. But TMA is wrong. There is nothing "unusual" about this case.

"Courts have found unusual circumstances where: (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness'

compliance prior to the time the witness challenged the legal basis for the subpoena." *McCoy*, 211 F.R.D. at 385. Relying on this standard, TMA argues that "unusual circumstances" exist here because (1) the Subpoena was supposedly overbroad, (2) TMA is a non-party who supposedly engaged with JDI in good faith before objecting, and (3) the deadline for compliance with the Subpoena was supposedly too short. *See* Resp. at 5-8. TMA's arguments miss the mark.

For the reasons explained in JDI's Motion to Compel, the Subpoena is not overbroad. *See* Mot. to Compel, Dkt. No. 20-1 ("Motion to Compel"), at 6-15. JDI will not belabor those same arguments here. But it is worth emphasizing that the Texas Court ordered TMA to produce—and TMA has completed production of— what TMA now characterizes as "essentially the same information" sought by the Subpoena. Resp. at 3. JDI's complaint in the Texas Litigation involves similar claims, including infringement allegations involving a U.S. counterpart to one of the Chinese patents at issue in the Chinese litigation. And like its complaints in the Chinese litigation, JDI's complaint in the Texas Litigation expressly named only a handful of products.[4] Yet the Texas Court ordered TMA to produce in the Texas Litigation the same discovery into sales and technical documents requested by the Subpoena.[5] Courts have repeatedly found that "unusual circumstances" did not exist where the subpoena at issue was not overbroad.[6]

---

[4] *Compare* Ex. B, Texas Compl. ¶¶ 41-44, *with* Resp. at 5 ("JDI continues to demand documentation on hundreds of products it purportedly intends to use in a litigation in China where only three products are named.").

[5] *See* Ex. C, Case No. 2:20-cv-00283, Dkt. No. 76 (Motion hearing minutes held before District Judge Rodney Gilstrap). June 21, 2021.

[6] *See, e.g.*, *Trepco Imports & Distrib., Ltd. v. Ariz. Beverages USA, LLC*, 2020 WL 4336296, at *6 (S.D. Cal. Jul. 28, 2020); *HMV Indy*, 2020 WL 3498259, at *1-2; *BNSF Railway Co. v. Alere, Inc.*, 2018 WL 2267144, at *8 (S.D. Cal. May 17, 2018); *Maysey v. Henkel Corp.*, 2018 WL 314859, at *2-3 (W.D. Ky. 2018); *Wade v. City of Fruitland*, 287 F.R.D. 638, 641 (D. Idaho 2013).

TMA is also not "a non-party acting in good faith," *McCoy*, 211 F.R.D. at 385. Preliminarily, TMA's assertion that it is a "non-party" conflicts with its argument that "[t]he parties before the Court in this action are currently involved in litigation in Texas." Resp. at 2, 5. TMA conflates itself and its parent company when describing the Texas Litigation, but emphasizes its legal separateness when arguing that unusual circumstances exist in this case.

Moreover, TMA has not engaged with JDI in good faith. JDI offered TMA a compromise that would have cut TMA's discovery burden ***in half***, but TMA has rejected that proposal as "unacceptable" and has made no counteroffer. *See* Mot. to Compel at 5, 16. And TMA accuses JDI of seeking discovery that is "duplicative" of what TMA produced in the Texas Court, yet at the same time states that Tianma "would have opposed any request to modify the protective order in Texas." Resp. at 3, 4 n.1. It is clear that TMA has no interest in cooperating with the Subpoena.

Finally, TMA states incorrectly that "like *Juno*, "[t]here were numerous communications between [Tianma America and JDI] regarding the scope of the Subpoena." Resp. at 7. At no time did TMA's counsel seek to discuss the scope of the Subpoena with JDI, either prior to the compliance deadline or prior to the date TMA unilaterally chose to assert its objections. Thus the "unusual circumstance" where counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena simply does not apply to the facts of this case.

Yet TMA seeks to transform this issue into one involving timing. TMA contends that unusual circumstances exist because the compliance deadline on the face of the Subpoena was too short. But the compliance deadline was entirely reasonable. Counting the day the Subpoena was served, TMA had 10 days to either

comply or object, which is a customary amount of time.[7] Moreover, even if 10 days was not enough, TMA still waited **24 days** after being served before it finally objected. TMA does not explain why the compliance date on the Subpoena would excuse such a long delay, since under Rule 45 the ***latest*** possible date to object is 14 days after a subpoena is served.

The short difference between the Subpoena's compliance deadline and the statutory deadline, to which all litigants are subject, cannot plausibly be said to present an unusual circumstance. This is likely the reason TMA cites only one decision to support this argument: *Sundaram v. Genworth Life Ins. Co.*, 2017 U.S. Dist. LEXIS 230111 (C.D. Cal. Nov. 28, 2017). In *Sundaram* the Court relied not only on the short compliance deadline (there, seven days), but also on the facts that the respondent "did not have representation by counsel, and there [wa]s no indication that it proceeded in other than good faith." *Id.* at *4. Moreover, the documents sought were tax records, and "[p]ublic policy and privacy concerns caution against unnecessary disclosure of tax returns." *Id.* at *4-5. Those considerations are not present here.

TMA's argument is further undermined by the fact that JDI gave TMA extra time to produce responsive documents. TMA now tries to turn JDI's compliance with the Court's admonition to "avoid imposing undue burden or expense" on TMA into an agreed extension the deadline for ***objections***. Resp. at 6-7 (emphasis added). But JDI did not agree to extend the objection deadline; TMA never indicated that it would be serving objections, not documents, at the end of the month. *See Williams v. Big Picture Loans, LLC*, 303 F. Supp. 3d 434, 442 (E.D. Va. 2018) ("The parties' communications do not indicate that the extension of the production date was also intended to apply to . . . objections.").

---

[7] *See Fox v. Traverse City Area Pub. Sch. Bd. of Educ.*, 2009 WL 724001, at *1 (W.D. Mich. Mar. 10, 2009) ("What is 'reasonable' depends on the circumstances of the case, but at least 10 days' notice is customarily expected." (citation omitted)).

## III. Conclusion

There is nothing "unusual" about this case. TMA missed the deadline to object to the Subpoena under Rule 45 and has therefore waived any objection to it. The Court should grant JDI's Motion, and should order TMA to show cause why it should not be held in contempt for disobeying the Subpoena.

Dated: September 14, 2021    /s/    *Eric J. Klein*
By:  Eric J. Klein (*pro hac vice*)
   eklein@velaw.com
Jeffrey R. Swigart (*pro hac vice*)
   jswigart@velaw.com
**VINSON & ELKINS L.L.P.**
2001 Ross Avenue, Suite 3900
Dallas, TX 75201-2975
Telephone: 214.220.7700 / Fax: 214.220.7716

Abigail Lubow (CA SBN: 314396)
   alubow@velaw.com
**VINSON & ELKINS L.L.P.**
555 Mission Street, Suite 2000
San Francisco, CA 94105
Telephone: 415.979.6900 / Fax: 415.651.8786

Bruce L. Ishimatsu (CA SBN 86145)
   bruce@ishimatsulaw.com
**ISHIMATSU LAW GROUP, P.C.**
4712 Admiralty Way, No. 1012
Marina del Rey, CA 90292
Telephone: 310.200.4060 / Fax: 310.496.1540

***Attorneys for Petitioner Japan Display Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of September, 2021, a true and correct copy of the above and foregoing document was served on all counsel of record via the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

                                            */s/ Bruce I. Ishimatsu*
                                            Bruce I. Ishimatsu

US 8271893